OPINION
{¶ 1} Defendant-appellant Todd Alan White appeals from his conviction and seventeen-month sentence for Failure to Provide a Change of Address with the County Sheriff, a fourth-degree felony. White contends that the trial court abused its discretion by imposing a sentence only one month shorter than the maximum sentence permitted, and that the trial court erred when it found that the shortest term would not adequately protect the public.
 {¶ 2} We conclude that White's sentence must be reversed, and this cause remanded for re-sentencing, in accordance with Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 104.
 I {¶ 3} As a result of having previously been convicted of one count of Corruption of a Minor and two counts of Importuning, White was under a continuing duty of registration that required him to notify the appropriate sheriff of a change of residence address at least twenty days prior to the change. In October, 2004, he was charged by indictment with having failed to notify the appropriate sheriff, in violation of R.C. 2950.05(A), (E)(1), a felony of the fourth degree.
 {¶ 4} White pled guilty as charged. After a pre-sentence investigation, White appeared at a sentencing hearing, and was sentenced to seventeen months in prison, one month less than the maximum possible sentence, and fined $150. From his conviction and sentence, White appeals.
 II {¶ 5} White's sole assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED, ABUSED ITS DISCRETION AND FAILED TO COMPLY WITH OHIO FELONY SENTENCING GUIDELINES WHEN IT SENTENCED DEFENDANT TO A PRISON TERM ON A FOURTH DEGREE FELONY WHICH PRISON SENTENCE WAS ONLY ONE MONTH LESS THAN THE MAXIMUM PRISON SENTENCE FOR A FOURTH DEGREE FELONY."
 {¶ 7} Although White's argument in support of his assignment of error is primarily that the trial court abused its discretion by imposing a sentence that was only one month short of the maximum possible sentence, his brief includes the following argument:
 {¶ 8} "He [the trial judge] found that `(t)he shortest term demeans the seriousness of the offense and does not adequately protect the public.' [Citation to transcript omitted.] Again, it is hard to see how a failure to report a change of address is a danger to the public."
 {¶ 9} Under R.C. 2929.14(B), a finding that the shortest prison term would not adequately protect the public from future crime by the offender or by others was one of several findings that would permit a trial court to impose more than a minimum prison term. This provision of the statute was held unconstitutional, and was severed from the sentencing statute, byState v. Foster, supra.
 {¶ 10} The State argues that White has waived any ground for reversal that might be available under State v. Foster, supra, because he did not make an argument based on Blakely v.Washington (2004), 542 U.S. 296, the predicate for State v.Foster, supra, despite the fact that Blakely had been decided, and Foster had been argued and submitted to the Ohio Supreme Court, at the time that White's brief in this appeal was filed (February 16, 2006). We disagree.
 {¶ 11} In our view, ¶ 104 of the decision in State v.Foster, supra, establishes a bright-line rule that any pre-Foster sentence to which the statutorily required findings of fact applied (i.e., more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time thatFoster was decided, must be reversed, and the cause remanded for re-sentencing in accordance with Foster, if the sentence is a subject of the appeal.
 {¶ 12} Because we conclude that White's sentence must be reversed, and this cause must be remanded for re-sentencing in accordance with State v. Foster, supra, we find it unnecessary to address White's argument that the sentence imposed by the trial court constitutes an abuse of discretion. After White is re-sentenced in accordance with State v. Foster, he may appeal from his sentence if he still feels aggrieved.
 {¶ 13} White's sole assignment of error is sustained to the limited extent that we conclude the trial court committed an error of law when it applied a part of the Ohio felony sentencing statute declared unconstitutional by State v. Foster, supra.
 III {¶ 14} White's sole assignment of error having been sustained, the sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance withState v. Foster, supra.
Grady, P.J. and Donovan, J., concur.